UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANN MCAFEE,

Plaintiff,

- against -

THE WIDEWATERS GROUP INC.,

Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, by her attorneys, Gattuso & Ciotoli, PLLC, for her Complaint against Defendant, alleges as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 *et seq.*; New York Labor Law §§ 190 *et seq.*; 195 *et seq.*; 198 *et seq.*; 650 *et seq.*; and 663 *et seq.*; and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-2 *et seq.* to recover overtime compensation, spread of hours compensation, wage notice violations, pay statement violations and damages arising from record-keeping violations on behalf of the Plaintiff.

2. Beginning in approximately July 2021 and continuing through January 2026, Plaintiff regularly worked in excess of 40 hours per week without being paid overtime compensation as required by applicable Federal and State law.

3. Defendant never provided the Plaintiff with a wage notice in Plaintiff's primary language, as required by applicable New York State law.

4. Beginning in July 2021 and continuing through January 2026, Defendant failed to provide Plaintiff with pay statements that accurately recorded the hours she worked and was paid

for.

5. Beginning in approximately July 2021 and continuing through January 2026, Defendant failed to pay "spread of hours" compensation as required by applicable New York State law.

**THE PARTIES**

6. Plaintiff Ann McAfee is a citizen of the State of New York, County of Onondaga and was employed by Defendant as a salaried payroll administrator from July 2021 through January 2026.

7. Upon information and belief, Defendant Widewaters Group, Inc., is a domestic business corporation organized and existing under the laws of the State of New York and with a principal place of business at 5845 Widewaters Parkway, Suite 100, East Syracuse, NY 13057.

**JURISDICTION**

8. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 207, and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

**VENUE**

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

**FACTS**

10. Plaintiff began working as a salaried payroll administrator for Defendant in July 2021.

11. Plaintiff's job duties were routine payroll and commissions processing, not management or supervision, nor did they involve exercising discretion or independent judgment with respect to matters of significance.

12. Discretion and independent judgment do not include clerical or secretarial work, recording or tabulating data, or other mechanical, repetitive, recurrent, or routine work.

13. Plaintiff's payroll/commission processing typically involved applying established procedures, formulas, and company policies rather than discretion on matters of significance.

14. Because Plaintiff's work was routine payroll/commission processing with no supervisory responsibilities, she does not qualify for any exemption from overtime.

15. Plaintiff's annual salary was $60,000 from 7/21 until 1/22; $63,000 from 1/22 until 12/22; $68,000 from 12/22 until 7/24; $76,000 from 7/24 until 7/25; and $85,000 from 7/25 until 1/26.

16. Beginning in July 2021, and continuing through January 2026, Plaintiff regularly worked in excess of 40 hours per week and was not paid an overtime rate of pay of one and one-half times her regular hourly rate of pay.

17. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendant constitutes an "enterprise engaged in commerce."

18. Upon information and belief, Plaintiff was an "employee," as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

19. While working for Defendant, Plaintiff was regularly required to perform work for Defendant without receiving proper overtime compensation as required under Federal and

New York State law.

20. While working for Defendant, Plaintiff was not provided with a wage notice.

21. While working for Defendant, Plaintiff was not provided with pay statements containing information such as dates of work, rates of pay for regular and overtime hours, and number of regular hours and overtime hours worked.

22. Plaintiff regularly worked more than 10 hours in a given day.

23. Plaintiff was not provided with "spread of hours" compensation as required by applicable New York State law for days in which she worked more than 10 hours in a given day

**FIRST CAUSE OF ACTION AGAINST DEFENDANT:**
**FLSA OVERTIME COMPENSATION**

24. Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs hereof.

25. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

26. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer . . . ."

27. Plaintiff was an employee within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

28. Defendant constitutes an "employer" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d) and consequently, are liable for violations of the FLSA.

29. Plaintiff was not exempt from overtime wages under 29 U.S.C. §207.

30. Defendant failed to pay Plaintiff all earned overtime wages, at the rate of one-and one-half times the regular rate of pay, for the time in which she worked after the first 40 hours in any given week.

31. Upon information and belief, the failure of Defendant to pay the Plaintiff her rightfully owed overtime compensation was willful.

32. By the foregoing reasons, Defendant is liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION AGAINST DEFENDANT:**
**NEW YORK STATE OVERTIME COMPENSATION**

33. Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs hereof.

34. Pursuant to Articles 6 and 19 of the New York Labor Law, workers, such as the Plaintiff, are protected from wage underpayments and improper employment practices.

35. Title 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek…."

36. Pursuant to New York Labor Law § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

37. As a person employed for hire by Defendants, Plaintiff is an "employee," as understood in Labor Law § 651 and case law interpreting the same.

38. Defendant is an "employer" within the meaning of § 651.

39. Upon information and belief, pursuant to New York Labor Law §§ 190 *et seq.*,

650 *et seq*., and the cases interpreting same, Defendant is an “employer.”

40. Plaintiff worked more than forty hours per week while working for Defendant.

41. Plaintiff was not paid the minimum required salary to be exempt from overtime in New York.

42. Plaintiff did not receive the New York statutory overtime compensation for all hours worked after the first forty hours of work in a week.

43. Consequently, by failing to pay the Plaintiff overtime compensation, Defendant violated New York Labor Law §§ 650 *et seq*., and 663; and 12 NYCRR § 142-2.2.

44. Upon information and belief, Defendant’s failure to pay the Plaintiff overtime compensation was willful.

45. By the foregoing reasons, Defendant has violated New York Labor Law §§ 650 *et seq*. and 663; and 12 NYCRR § 142 and are liable to the Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys’ fees, and costs.

**THIRD CAUSE OF ACTION AGAINST DEFENDANT:**
**NEW YORK STATE SPREAD OF HOURS COMPENSATION**

46. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs hereof.

47. Title 12 NYCRR §142-2.4 requires that, “An employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours.”

48. Beginning in July 2021 Plaintiff frequently worked more than 10 hours in a day.

49. Defendant did not pay the Plaintiff an additional hour’s pay at the minimum wage when she worked more than 10 hours in a day.

50. Consequently, by failing to pay Plaintiff an additional hour's pay at the minimum wage when she worked more than 10 hours in a day, Defendant violated 12 NYCRR § 142-2.2.

51. Defendant's failure to pay "spread of hours" compensation for work performed by Plaintiff after 10 hours in a day was willful.

52. By the foregoing reasons, Defendant has violated 12 NYCRR § 142-2.2, and is liable to Plaintiff in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANT:**
**NYLL NOTICE AND RECORD KEEPING REQUIREMENTS**

53. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs hereof.

54. Defendant failed to provide Plaintiff with a wage notice containing information outlined in NYLL § 195(1), including information such as the rate of pay, any allowances claimed as part of the minimum wage.

55. Defendant failed to provide the Plaintiff with pay statements with every payment of wages containing information outlined in NYLL § 195(3), including information such as the rate of pay, basis of pay, gross wages, hours worked, and any allowances claimed as part of the minimum wage.

56. As a result of Defendant's violations of NYLL § 195(1) and (3), the Plaintiff may recover damages of $250.00 for each workday Defendant failed to provide Plaintiffs with a wage notice not to exceed $5,000.00, and damages of $250.00 for each work week Defendant failed to provide Plaintiff with a pay statement, not to exceed $5,000.00, together with costs and reasonable attorney's fees in accordance with NYLL § 198.

**WHEREFORE**, Plaintiff demands judgment:

(1) on the first cause of action against Defendant in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(2) on the second cause of action against Defendant in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(3) on the third cause of action against Defendant in an amount to be determined at trial, plus interest, costs and attorneys' fees;

(4) on the fourth cause of action against Defendant in an amount to be determined at trial, plus interest, costs and attorneys' fees; and

(2) such other and further relief as to the Court may deem just and proper.

Dated: Fayetteville, New York
September 14, 2026

*/s/ Frank S. Gattuso*
Frank S. Gattuso
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
(315) 314-8000
fgattuso@gclawoffice.com